FILED

2021 Aug-10  PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **TRACY NELMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:** |
| **vs.** | ) | |
| | ) | **JURY DEMAND** |
| **USI Insurance Services, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>COMPLAINT</u>

COMES NOW the Plaintiff in the above-styled case, Tracy Nelms, by and through her undersigned attorney, Richard R. Newton, and files this action against Defendant USI Insurance Services, LLC.

This is an Federal Question, Age Discrimination in Employment case arising out of Tracy Nelms's [Plaintiff] claim that her former employer, USI Insurance Services, LLC, a company, violated the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. §621, *et seq*) by discriminating against her based on her age, in violation of the ADEA. In support of Plaintiff's case, she would state unto the Court as follows:

JURISDICTION AND VENUE

1.   Plaintiff brings this action under Federal Question Jurisdiction, 28 U.S.C. §1331, arising out of USI Insurance Services, LLC, violating and the Age Discrimination in Employment Act [ADEA], as amended (29 U.S.C. §621, *et seq*), as enforced under Title VII of the Civil Rights Act of 1964, [Title VII] as amended (42 U.S.C. §2000e, et seq).

2.   Venue is proper as *(a)* Plaintiff is a resident of Moody, St. Clair County, Alabama; *(b)* Defendant USI Insurance Services, LLC's headquarters are located in Westchester County, New York; and, (c) the USI Insurance Services offices Plaintiff primarily worked out of were located in Atlanta, Georgia, and Plaintiff's home in St. Clair County, Alabama. Both Plaintiff's residence and her Alabama workplace are situated in the United States District Court Northern District of Alabama, Middle Division.

3.   Plaintiff filed her Equal Employment Opportunity Commission [EEOC] Charge of Discrimination with the Birmingham, Alabama, District Office on or around March 31, 2021, and, upon Plaintiff's request, on June 2, 2021, the EEOC issued a Notice of Right to Sue [NRTS]. A copy of Plaintiff's EEOC NRTS is attached hereto.

4.   Plaintiff files this action within the 90-day tolling period, as required under Title VII.

PARTIES

5.  Plaintiff Tracy Nelms [Nelms] is an adult over the age of nineteen (19) years of age who resides in St. Clair County, Alabama.

6.  Defendant USI Insurance Services, LLC [USI] New York, and, in Plaintiff's case, Atlanta-based company, which does business in the Northern District of Alabama and throughout the United States and the world. USI's headquarters is located in Valhalla, Westchester County, New York.

STATEMENT OF FACTS

7.  USI is engaged in the insurance business.

8.  USI employs 20 or more people. In fact, USI employs 500 or more people.

9.  USI hired Plaintiff in or around January 2020 and fired her in October 2020.

10.  Plaintiff's job title at USI was Senior Account Manager.

11.  In or around May 2020, Plaintiff's direct supervisor became Jeff Dougherty [Dougherty], who had just been hired as USI Atlanta's office "Operations Manager."

12.  Keith Titshaw [Titshaw] is the USI Atlanta office's Property and Casualty Practice Leader and is a manager and/or agent of USI.

13.  On or around October 30, 2020, USI fired Plaintiff Tracy Nelms.

14.  Plaintiff was 51 years old when USI fired her.

15. Titshaw and/or Doughtery, made the decision to fire Plaintiff.

16. USI and industry practice is for supervisors like Titshaw and Dougherty to get clearance from "up the chain of command" to fire an employee in Plaintiff's position.

17. Even if Titshaw and/or Doughtery did not get clearance from their various supervisors up the chain in USI's corporate hierarchy before firing Plaintiff, USI soon approved of and ratified Plaintiff's being fired.

18. Plaintiff had worked in the insurance business for about 30 years before USI hired her in early 2020; she was qualified to do her job.

19. During Plaintiff's employment at USI, she significantly increased revenue (by six figures) from the primary account she handled.

20. When she was hired, and in the first months following her being hired, Plaintiff was assured by one or more USI supervisors that she would receive whatever staff support she needed to do her job.

21. USI did not provide Plaintiff adequate staff support to assist her in maximizing her capabilities, while USI provided other, significantly younger Senior Account Managers adequate staff support.

22. Nevertheless, Plaintiff significantly increased revenue from the primary account she handled while working "with one arm tied behind her back."

23. In or around the late spring or summer of 2020, when Plaintiff was, or was in

the process, of significantly increasing revenue for USI, she asked Titshaw and Doughtery for the previously-promised assistance to help her with day to day work, in order to allow her focus more attention on client services and account development.

24. Titshaw and Dougherty denied Plaintiff's request.

25. Not long after Plaintiff significantly increased revenue for USI on her primary account, Titshaw fired her and gave her primary account to a woman about 35 years old who had only about half Plaintiff's experience in the industry.

26. The younger, less experienced, USI employee to whom Titshaw gave Plaintiff's primary account received much, if not all, of the same support and assistance Plaintiff had previously requested but was denied.

27. During Plaintiff's final month or two before being fired, and, then, after USI fired her, her client accounts and other client accounts that should have been given to her were given to other USI employees ranging in age from their late 30s to their early 40s.

28. In USI's October 30, 2020, termination letter to Plaintiff, no grounds or reasons for USI's firing Plaintiff were provided.

29. In an document dated October 30, 2020, a State of Georgia Department of Labor "Separation Notice," USI Executive Services Manager Georgia Garth stated the "Reason for Separation" [read:  USI's firing Tracy Nelms] was "lack of performance."

30.  USI's stated "Reason for Separation" was mere pretext, as Plaintiff's performance on both her primary and other USI accounts met or exceeded industry and USI performance standards and/or were in line with or exceeded the performance of other similarly situated USI co-workers and/or Account Managers.

31. But for Plaintiff's age, she would not have been denied the support she requested, which was given to a co-worker in her mid-30s.

32.  But for Plaintiff's age, she would not have been fired and replaced with a co-worker in her mid-30s.

33.  Plaintiff received one (1) "write up" while employed at USI, more than half a year before USI fired her.

34.  In or around the late winter or early spring of 2020, one of Plaintiff's supervisors told Plaintiff to take time off to go apartment-hunting in Atlanta, because she needed to have an Atlanta-base, as well as her home in the Birmingham metro area, from which to work; to put in office time in USI's Atlanta office. Plaintiff did as she was told and wound up leasing an apartment in Atlanta.

35.  Another USI supervisor, though, gave Plaintiff a write-up for doing precisely what the first supervisor told her to do:  for taking time off to apartment hunt in Atlanta.

36.  After USI fired Plaintiff, she was still obligated by her apartment lease to pay rent on an Atlanta apartment she did not need.

37.  Additionally, after USI fired Plaintiff, she lost income she otherwise would have earned.

38.  Additionally, being fired on a thin, vacuous and untrue pretext, and seeing her flagship account given to a less experienced USI employee 15-or-more years younger than her (thus evidencing workplace age discrimination), proximately caused Plaintiff stress and mental anguish.

COUNT I

Age Discrimination in Employment Act

39.  By this reference Plaintiff reiterates and incorporates the allegations set forth in the preceding paragraphs as if fully set out herein.

40. Plaintiff was more than 51 years old at the time USI fired her.

41. Defendant USI subjected Plaintiff to an adverse employment action, termination.

42. Defendant USI excuse/s for firing Plaintiff was/were mere pretext, devoid of good faith, nor based on any reasonable business judgment.

43. Concomitant with Defendant USI firing Plaintiff, it replaced her with one or more substantially younger  and less experienced persons, despite the fact Plaintiff was qualified to do the job from which she was discharged.

44.  But for Plaintiff's age, she would not have suffered the adverse employment action/s perpetrated against her by USI.

45.  Defendant USI willfully violated the ADEA and Title VII and in doing so proximately caused Plaintiff harm and damages, including, but not limited to:  Loss of income, loss of benefits, loss of future income and benefits, stress, anxiety, frustration and other damages owing to USI's disparate treatment and its policies, practices, acts or omissions regarding Plaintiff related to her age.

## REQUEST FOR RELIEF

NOW, WHEREFORE, regarding Count I above, Plaintiff respectfully requests the following relief after trial of this case by struck jury:

A.  Entry of judgment in Plaintiff's favor and against Defendant for lost income and benefits.

B.  Entry of judgment in Plaintiff's favor and against Defendant for other out of pocket damages Plaintiff suffered have been proximately caused by Defendant.

C.  Entry of judgment in Plaintiff's favor and against Defendant for liquidated damages.

D. Entry of judgment in Plaintiff's favor for the stress, frustration and mental anguish suffered, proximately caused by Defendant.

E.  Injunctive relief in the form of an Order requiring Defendant to (i) re-visit and update its discrimination policies and, (ii) retrain directors, officers, its Human Resources officer/s and all employees and staff regarding the Age Discrimination in Employment Act.

F.  Reasonable attorney's costs and fees.

G.  Any and all other relief at law or equity to which Plaintiff is entitled.


Respectfully filed on this, the 10th day of August, 2021.


_____

Richard R. Newton,
  Attorney at Law, P.C.
Counsel for Plaintiff
1203 Regal Avenue
Birmingham, AL  35213
Tel:  (205) 356-2498
richardrussellnewton@gmail.com
ASB-0776-w85r

**Served on:**

Mike Sicard, President,
  Or a managing or general agent of USI, pursuant to Fed. R. Civ. P. Rule 4(h)(1)
c/o USI Insurance Services, LLC
100 Summit Lake #400
Valhalla, NY 10595