# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **TRACY NELMS,** | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:21-cv-01091-ACA |
| vs. | ) |
| | ) **JURY DEMAND** |
| USI Insurance Services, LLC, | ) |
| Defendant. | ) |

## PLAINTIFF'S AMENDMENT TO COMPLAINT

COMES NOW the Plaintiff in the above-styled case, Tracy Nelms (Nelms), by and through her undersigned attorney, Richard R. Newton, and files and serves this Amendment to her Complaint against Defendant USI Insurance Services, LLC (USI).

This Amendment realleges Nelms' August 10, 2021, Complaint *in toto*, and adds ¶¶ 39 through 52, and Counts II and III, which allege Breach of Contract and Promissory Estoppel. Plaintiff's original Request for Relief D is amended. Plaintiff pleads Supplemental Jurisdiction under 28 U.S.C. § 1367(a) as it relates to Counts II and III of this Amended Complaint. Nelms alleges USI's common law acts and omissions described in the amendments hereto are so related to the claims in the current action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

1

# JURISDICTION AND VENUE

1. Plaintiff brings this action under Federal Question Jurisdiction, 28 U.S.C. §1331, arising out of USI Insurance Services, LLC, violating and the Age Discrimination in Employment Act [ADEA], as amended (29 U.S.C. §621, *et seq*), as enforced under Title VII of the Civil Rights Act of 1964, [Title VII] as amended (42 U.S.C. §2000e, et seq). <u>Amendment</u>: Plaintiff pleads Supplemental Jurisdiction under 28 U.S.C. § 1375(a) as it relates to Counts II and III.

2. Venue is proper as *(a)* Plaintiff is a resident of Moody, St. Clair County, Alabama; *(b)* Defendant USI Insurance Services, LLC's headquarters are located in Westchester County, New York; and, (c) the USI Insurance Services offices Plaintiff primarily worked out of were located in Atlanta, Georgia, and Plaintiff's home in St. Clair County, Alabama. Both Plaintiff's residence and her Alabama workplace are situated in the United States District Court Northern District of Alabama, Middle Division.

3. Plaintiff filed her Equal Employment Opportunity Commission [EEOC] Charge of Discrimination with the Birmingham, Alabama, District Office on or around March 31, 2021, and, upon Plaintiff's request, on June 2, 2021, the EEOC issued a Notice of Right to Sue [NRTS], <u>Amendment</u>: previously filed in this action.

4. Plaintiff files/d this action within the 90-day tolling period, as required under Title VII.

## PARTIES

5. Plaintiff Tracy Nelms [Nelms] is an adult over the age of nineteen (19) years of age who resides in St. Clair County, Alabama.

6. Defendant USI Insurance Services, LLC [USI] New York, and, in Plaintiff's case, Atlanta-based company, which does business in the Northern District of Alabama and throughout the United States and the world. USI's headquarters is located in Valhalla, Westchester County, New York.

## STATEMENT OF FACTS

7. USI is engaged in the insurance business.

8. USI employs 20 or more people. In fact, USI employs 500 or more people.

9. USI hired Plaintiff in or around January 2020 and fired her in October 2020.

10. Plaintiff's job title at USI was Senior Account Manager.

11. In or around May 2020, Plaintiff's direct supervisor became Jeff Dougherty [Dougherty], who had just been hired as USI Atlanta's office "Operations Manager."

12. Keith Titshaw [Titshaw] is the USI Atlanta office's Property and Casualty Practice Leader and is a manager and/or agent of USI.

13. On or around October 30, 2020, USI fired Plaintiff Tracy Nelms.

14. Plaintiff was 51 years old when USI fired her.

15. Titshaw and/or Doughtery, made the decision to fire Plaintiff.

16. USI and industry practice is for supervisors like Titshaw and Dougherty to get clearance from "up the chain of command" to fire an employee in Plaintiff's position.

17. Even if Titshaw and/or Doughtery did not get clearance from their various supervisors up the chain in USI's corporate hierarchy before firing Plaintiff, USI soon approved of and ratified Plaintiff's being fired.

18. Plaintiff had worked in the insurance business for about 30 years before USI hired her in early 2020; she was qualified to do her job.

19. During Plaintiff's employment at USI, she significantly increased revenue (by six figures) from the primary account she handled.

20. When she was hired, and in the first months following her being hired, Plaintiff was assured by one or more USI supervisors that she would receive whatever staff support she needed to do her job.

21. USI did not provide Plaintiff adequate staff support to assist her in maximizing her capabilities, while USI provided other, significantly younger Senior Account Managers adequate staff support.

22. Nevertheless, Plaintiff significantly increased revenue from the primary account she handled while working "with one arm tied behind her back."

23. In or around the late spring or summer of 2020, when Plaintiff was, or was in the process, of significantly increasing revenue for USI, she asked Titshaw and Doughtery for the previously-promised assistance to help her with day to day work, in

order to allow her focus more attention on client services and account development.

24. Titshaw and Dougherty denied Plaintiff's request.

25. Not long after Plaintiff significantly increased revenue for USI on her primary account, Titshaw fired her and gave her primary account to a woman about 35 years old who had only about half Plaintiff's experience in the industry.

26. The younger, less experienced, USI employee to whom Titshaw gave Plaintiff's primary account received much, if not all, of the same support and assistance Plaintiff had previously requested but was denied.

27. During Plaintiff's final month or two before being fired, and, then, after USI fired her, her client accounts and other client accounts that should have been given to her were given to other USI employees ranging in age from their late 30s to their early 40s.

28. In USI's October 30, 2020, termination letter to Plaintiff, no grounds or reasons for USI's firing Plaintiff were provided.

29. In an document dated October 30, 2020, a State of Georgia Department of Labor "Separation Notice," USI Executive Services Manager Georgia Garth stated the "Reason for Separation" [read: USI's firing Tracy Nelms] was "lack of performance."

30. USI's stated "Reason for Separation" was mere pretext, as Plaintiff's performance on both her primary and other USI accounts met or exceeded industry and USI performance standards and/or were in line with or exceeded the performance of other similarly situated USI co-workers and/or Account Managers.

31. But for Plaintiff's age, she would not have been denied the support she requested, which was given to a co-worker in her mid-30s.

32. But for Plaintiff's age, she would not have been fired and replaced with a co-worker in her mid-30s.

33. Plaintiff received one (1) "write up" while employed at USI, more than half a year before USI fired her.

34. In or around the late winter or early spring of 2020, one of Plaintiff's supervisors told Plaintiff to take time off to go apartment-hunting in Atlanta, because she needed to have an Atlanta-base, as well as her home in the Birmingham metro area, from which to work; to put in office time in USI's Atlanta office. Plaintiff did as she was told and wound up leasing an apartment in Atlanta.

35. Another USI supervisor, though, gave Plaintiff a write-up for doing precisely what the first supervisor told her to do: for taking time off to apartment hunt in Atlanta.

36. After USI fired Plaintiff, she was still obligated by her apartment lease to pay rent on an Atlanta apartment she did not need.

37. Additionally, after USI fired Plaintiff, she lost income she otherwise would have earned.

38. Additionally, being fired on a thin, vacuous and untrue pretext, and seeing her flagship account given to a less experienced USI employee 15-or-more years younger

than her (thus evidencing workplace age discrimination), proximately caused Plaintiff stress and mental anguish.

**Amendments**

39. In or around early March 2020, one or more of Nelms' USI Supervisors directed her to find and rent an apartment in metro Atlanta.

40. The Supervisor(s)' directive to Nelms was not a mere suggestion or an option.

41. The Supervisor(s), that is, USI's, directive was a work requirement, a term or condition of Nelms' employment with USI.

42. The USI directive was effectively a contract with Nelms: For the consideration of USI continuing to employ Nelms, she would rent an apartment in metro Atlanta and fulfill the duties of her work for USI.

43. Nelms fulfilled her terms and conditions of the contract: On or about March 12, 2020, Nelms rented an apartment from Arrive Perimeter, at Asbury Square in Atlanta, Georgia; and she fulfilled the duties of her work for USI.

44. On October 31, 2020, when USI fired Nelms, it breached the aforementioned contract with Nelms, as she had, in fact, rented an apartment in Atlanta and fulfilled her work duties at USI.

45. With no job in Atlanta, Nelms returned home to Alabama.

46. Nelms attempted to break the lease with Arrive Perimeter and sought to work with USI to mitigate her damages, but was unsuccessful in both efforts.

47. Arrive Perimeter claims Nelms owes it $13,273.47.

48. USI's promise to employ Nelms, conditioning Nelms' employment, in exchange for, conditioned upon, Nelms fulfilling her work duties and renting an apartment in Atlanta, was clear and unambiguous.

49. Nelms reasonably relied on USI's promise.

50. Nelms suffered damages – her aforementioned debt to Arrive Perimeter and any / all negative consequences related thereto – by relying on USI's (unfulfilled) promise.

51. Nelms suffered damages – her aforementioned debt to Arrive Perimeter and any / all – directly related to and arising from USI's breach of contract.

52. Additionally, Nelms has suffered stress and anxiety regarding USI's dwelling-related breach of contract and under the doctrine of promissory estoppel.

## COUNT I
### Age Discrimination in Employment Act

53. By this reference Plaintiff reiterates and incorporates the allegations set forth in the preceding paragraphs as if fully set out herein.

54. Plaintiff was more than 51 years old at the time USI fired her.

55. Defendant USI subjected Plaintiff to an adverse employment action, termination.

56. Defendant USI excuse/s for firing Plaintiff was/were mere pretext, devoid

of good faith, nor based on any reasonable business judgment.

57. Concomitant with Defendant USI firing Plaintiff, it replaced her with one or more substantially younger and less experienced persons, despite the fact Plaintiff was qualified to do the job from which she was discharged.

58. But for Plaintiff's age, she would not have suffered the adverse employment action/s perpetrated against her by USI.

59. Defendant USI willfully violated the ADEA and Title VII and in doing so proximately caused Plaintiff harm and damages, including, but not limited to: Loss of income, loss of benefits, loss of future income and benefits, stress, anxiety, frustration and other damages owing to USI's disparate treatment and its policies, practices, acts or omissions regarding Plaintiff related to her age.

## COUNT II
### Breach of Contract

60. By this reference Plaintiff reiterates and incorporates the allegations set forth in the preceding paragraphs as if fully set out herein, see especially Paragraphs 39-52.

61. USI entered into a contract with Nelms, but it breached the contract.

62. Nelms has suffered both monetary and stress-related damages, proximately caused by USI's breach of contract.

63. USI is liable to Nelms for the damages it proximately caused by its breach of contract.

## COUNT III

### Promissory Estoppel

64. By this reference Plaintiff reiterates and incorporates the allegations set forth in the preceding paragraphs as if fully set out herein, see especially Paragraphs 39-52.

65. By and under the doctrine of promissory estoppel, USI is liable for the monetary and stress-related reliance and expectation damages Nelms suffered, which USI proximately caused by its failure or refusal to keep its promise made and fulfill its obligations to Nelms regarding her employment and the apartment she leased.

## AMENDED REQUEST FOR RELIEF

NOW, WHEREFORE, regarding Count I above, Plaintiff respectfully requests the following relief after trial of this case by struck jury:

A. Entry of judgment in Plaintiff's favor and against Defendant for lost income and benefits.

B. Entry of judgment in Plaintiff's favor and against Defendant for other out of pocket damages Plaintiff suffered have been proximately caused by Defendant.

C. Entry of judgment in Plaintiff's favor and against Defendant for liquidated damages.

D. Plaintiff <u>withdraws</u> her request for relief for stress, frustration and mental anguish suffered, proximately caused by Defendant under Count I; Plaintiff <u>adds</u> her

request for entry of judgment for compensatory damages to which Plaintiff is entitled under Counts II and III of her Amended Complaint.

  E. Injunctive relief in the form of an Order requiring Defendant to (i) re-visit and update its discrimination policies and, (ii) retrain directors, officers, its Human Resources officer/s and all employees and staff regarding the Age Discrimination in Employment Act.

  F. Reasonable attorney's costs and fees.

  G. Any and all other relief at law or equity to which Plaintiff is entitled.

Respectfully filed on this, the 12th day of January, 2022.

                _____
                Richard R. Newton,
                  Attorney at Law, P.C.
                Counsel for Plaintiff
                1203 Regal Avenue
                Birmingham, AL 35213
                Tel: (205) 356-2498
                richardrussellnewton@gmail.com
                ASB-0776-w85r

CERTIFICATE OF SERVICE

This is certifies that on this, the 12th day of January, 2022, I served the foregoing Motion to Amend the Complaint and Amended Complaint on Defendant USI Insurance Services by sending same by email to its attorneys of record and/or via the United States District Court's CM/ECF document filing system:

    Jenna Bedsole, Esq.  *jbedsole@bakerdonelson.com*
    Maia Fleischman, Esq. *mfleischman@bakerdonelson.com*
    Baker Donelson
    Wells Fargo Tower
    420 North 20th Street, Suite 1400
    Birmingham, AL 35203

          *s/ Richard R. Newton*
          Attorney for Plaintiff Tracy Nelms